**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
MADONNA L. DEVLING, SB# 163419
  E-Mail: Madonna.Devling@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
RACHEL J. LEE, SB# 225263
  E-Mail: Rachel.Lee@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, UNIFYED, LLC and CAMPUSEAI, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MELISSA ROBERTSON, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>UNIFYED, LLC, an Illinois limited liability company; CAMPUSEAI, INC., an Ohio Corporation; and DOES 1-10 inclusive,<br><br>        Defendants. | Case No. 2:22-cv-00323<br><br>**DEFENDANT UNIFYED, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(a) (DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Declarations of Madonna L. Devling and Anjli Jain; Certification and Notice of Interested Parties; Civil Cover Sheet] |

**NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, HER ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant UNIFYED, LLC hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for

1 the Central District of California.

2     This Court has original subject matter jurisdiction over Plaintiff MELISSA ROBERTSON's ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between Plaintiff and Defendants (i.e., Plaintiff is a California citizen, while Defendant UNIFYED, LLC is a Illinois limited liability company and Defendant CAMPUSEAI, INC. is an Ohio corporation and the amount in controversy pertaining to Plaintiff's claims exceeds $75,000.00).

DATED: January 14, 2022

RACHEL J. LEE
MADONNA L. DEVLING
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   <u>/s/Madonna L. Devling</u>
     MADONNA L. DEVLING
     Attorneys for Defendants, UNIFYED, LLC and CAMPUSEAI, INC.



## I. INTRODUCTION

1. This is an employment action brought by Plaintiff MELISSA ROBERTSON ("Plaintiff") against Defendants UNIFYED, LLC and CAMPUSEAI, INC. ("Defendants").

2. On October 13, 2021, Plaintiff filed her Summons and Complaint, entitled *MELISSA ROBERTSON v. UNIFYED, LLC, An Illinois Limited Liability Company; CAMPUSEAI, INC., an Ohio Corporation; and DOES 1 through 10, inclusive,* in the Superior Court of California, County of Los Angeles, Case No. 21STCV37867. (True and correct copies of the Summons and Complaint ("Complaint"), are attached as **Exhibit A** to this Notice of Removal.)

3. Counsel for Defendant UNIFYED, LLC signed a Notice and Acknowledgment of Receipt of the Summons and Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, First Amended General Order and Notice of Case Management Conference on January 14, 2022. (Declaration of Madonna L. Devling ("Devling Decl.") at ¶3.) A true and correct copy of the Notice and Acknowledgment of Receipt is attached hereto as **Exhibit B**. (*Ibid*.)

4. Plaintiff alleges that UNIFYED, LLC is not currently registered as an entity authorized to do business in the State of California and claims that it is therefore barred from exercising rights within California (Exhibit A, Complaint, ¶22.) However, California Corporations Code section 17708.07(b) provides: "The failure of a foreign limited liability company to have a certificate of registration to transact intrastate business in this state does not prevent the foreign limited liability company from defending an action or proceeding in this state." Therefore, UNIFYED, LLC can appear and defend itself in this lawsuit.

5. On January 14, 2022, UNIFYED, LLC answered Plaintiff's Complaint. A true and correct copy of the Answer to Plaintiff's Complaint is attached hereto as **Exhibit C**.

6. Plaintiff alleges two claims against Defendants: (1) Violation of Labor Code section 1102.5 and (2) Wrongful Termination in Violation of Public Policy.

7. In addition to **Exhibits A - C**, the state court action contains the additional process, pleadings, and orders: Civil Case Cover Sheet and Addendum and Statement of Location (**Exhibit D**), Notice of Case Assignment (**Exhibit E**), Notice of Case Management Conference (**Exhibit F**), Proof of Service (**Exhibit G**) and First Amended General Order (**Exhibit H**).

8. To UNIFYED, LLC'S knowledge, the pleadings attached as **Exhibits A - H** constitute all process, pleadings, and orders filed in the state court action. (See 28 U.S.C. § 1446(a).)

9. This Notice of Removal is timely filed within 30 days after service of the Complaint on UNIFYED, LLC. (See 28 U.S.C. § 1446(b)(2)(c).)

## II. JURISDICTIONAL BASIS FOR REMOVAL

### A. Diversity of Citizenship

10. Plaintiff is a citizen of California. A natural person's state citizenship is determined by her state of domicile. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).) "A person's domicile is [her] permanent home, where [she] resides with the intention to remain or to which [she] intends to return." (*Id.* at 857.) It is presumed that a natural person's residence is also her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. (*Ayala v. Cox Auto*, No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).) Here, the Complaint alleges "Plaintiff, Melissa Robertson (hereinafter 'Plaintiff' or 'Ms. Robertson'), at all relevant times herein, resided in the County of Los Angeles, California. . ." (Exhibit A, Complaint, ¶1.) Plaintiff is therefore a citizen of California.

11. The Complaint further alleges: "Unifyed, LLC (hereinafter 'Unifyed'),

is an Illinois limited liability company. . ." (Exhibit A, Complaint, ¶3.) This is an accurate statement. (Declaration of Anjli Jain ("Jain Decl."), ¶5.) An unincorporated entity, such as a limited liability company or a limited partnership, is a citizen of each member of the unincorporated entity. (See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).) UNIFYED, LLC is a wholly owned subsidiary of Defendant CAMPUSEAI, INC. (Jain Decl., ¶5.) CAMPUSEAI, INC. is a corporation organized under the laws of Ohio and its principal place of business is its corporate office located at 936 SW 1st Avenue, Suite 413, Miami, Florida 33130. (Jain Decl., ¶4.) Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." A corporation's principal place of business is the "nerve center…from which its officers direct, control, and coordinate all activities without regard to locale, in the furtherance of the corporate objective." (*Hertz Corp. v. Friend*, 559 U.S. 77, 90 (2010).) Thus, CAMPUSEAI, INC. is a citizen of both Ohio and Florida and UNIFYED, LLC is a citizen of the states of citizenship of its member corporation, CAMPUSEAI, INC., which is Ohio and Florida.

12. For purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. (28 U.S.C. § 1441(b)(1); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).) Nor can it prevent removal. (*Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).) Thus, the citizenship of alleged Doe defendants is of no consequence for purposes of this removal.

13. Because Plaintiff and Defendants are not citizens or residents of the same state, removal of this action is proper.

**B.   Amount in Controversy**

14. Defendant denies all of Plaintiff's allegations and specifically denies that Plaintiff is entitled to any relief. But without prejudice to its defenses in this

action, Defendant avers that the amount in controversy exceeds the $75,000 threshold for removal under 28 U.S.C. section 1332(a). Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interest and costs.

15. A defendant need only establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum. (See *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).) In determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including compensatory damages, attorneys' fees, statutory penalties, and punitive damages. (See *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).)

16. The amount in controversy may be satisfied based on the allegations in the Complaint. (*Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a defendant may use the allegations in the Complaint to establish the amount in controversy); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).) A defendant may also provide "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as declarations. (*Valdez*, supra, 372 F.3d at 1117 (internal quotations omitted); *Singer*, supra, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded [the jurisdictional minimum]").)

17. This is a traditional employment case. Plaintiff is seeking emotional distress and general damages, special damages including loss of wages and out of pocket expenses, punitive damages, and attorneys' fees. (Exhibit A, Complaint, ¶31 and Prayer for Relief at pp.6:21-7:1.)

18. Plaintiff was employed by UNIFYED, LLC from approximately June 2019 to May 2021. (Exhibit A, Complaint,¶8 and ¶21.) At the time Plaintiff's

employment with UNIFYED, LLC ended, Plaintiff's salary was $130,000 per year plus a quarterly bonus based upon sales. (Jain Decl., ¶7.) In 2020, Plaintiff earned approximately $42,298.50 in bonuses. (*Ibid.*) It has been almost 8 months since Plaintiff's employment with UNIFYED, LLC ended. Her potential back pay (not including bonuses) to date is approximately $86,667. Assuming a trial date is set in October 2022 (one year after the lawsuit was filed), Plaintiff's potential back pay damages alone (exclusive of bonuses) would exceed $**184,167** (17 months x $10,833/month).

19. Plaintiff claim for front pay, i.e., loss of future earnings, is potentially greater. In California, it is not uncommon for front pay awards to comprise several years. (See *Smith v. Brown-Forman Distillers Corp.* (1987)196 Cal.App.3d 503, 518.) Presuming an award of two years' front pay, Plaintiff's front pay damages would be **$260,000** ($130,000 yearly salary x 2 years).

20. In addition to economic damages, Plaintiff alleges she has suffered noneconomic damages and prays for judgment for such damages. (Exhibit A, Complaint, ¶31(B) and Prayer for Relief at p.6:27.) Although Plaintiff does not state a specific dollar amount of damages she seeks for emotional distress, this Honorable Court can properly include these damages sought when determining whether the amount in controversy has been met. (*Vasquez v. Arvato Digital Servs.*, 2011 U.S. Dist. LEXIS 69154 at *10, citing *Richmond v. Allstate Ins. Co.* (S.D. Cal. 1995) 897 F. Supp. 447, 450.))

21. Plaintiff also requests compensation for loss of employment benefits and reduced future earning capacity as well as out of pocket expenses. (Exhibit A, Complaint, ¶31 and Prayer for Relief p.6:28.) Such damages are included in the amount in controversy. (*Simmons*, *supra*, 209 F.Supp.2d at 1032.)

22. Additionally, Plaintiff requests an unspecified amount in punitive damages. (Exhibit A, Complaint, ¶31(D).) Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction.

(*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action").)

23. Plaintiff also seeks penalties pursuant to Labor Code section 1102.5(f) against Defendants.

24. Finally, Plaintiff seeks attorneys' fees under California Labor Code sections 218.6 and 2699(g) and California Code of Civil Procedure section 1021.5 (Exhibit A, Complaint, p.6:23-24.) Attorneys' fees should also be considered part of the amount in controversy and would further increase this sum well above the $75,000 threshold. (*See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).) The Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorneys' fees. (*See Molnar v. 1-800-Flowers.com, Inc.,* No. 08-CV-0542-CAS-7Cx, 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009) ("fair estimate of attorneys' fees in this action is 25% of compensatory damages"); *Tompkins v. Basic Research LL,* No. CIV. S08244-LKK-DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (when calculating attorneys' fees for remand purposes, a reasonable estimate is 25% of the common fund).) According to this benchmark rate, Plaintiff's claim for attorneys' fees would increase the amount in controversy here by at least **$111,041.75** ($444,167 economic damages x 25%).

25. Plaintiff's attorney fees in the instant case are supported by evidence of prior employment discrimination litigation. (*See, e.g., Flannery v. Prentice*, 26 Cal.4th 572, 576 (2001) (over $1,000,000 in attorneys' fees awarded in single plaintiff FEHA case); *EEOC v. Albion River Inn Inc.*, 2008 WL 928368 (N.D. Cal., Feb. 27, 2008) (awarding $75,000 in attorneys' fees in single plaintiff discrimination/retaliation case).)

26. In sum, based on Plaintiff's prayer for loss of earnings, loss of earning capacity, emotional distress, attorneys' fees, and civil penalties, Plaintiff's potential damages are likely to be at least **$590,208.75**($184,167 [back pay] + $260,000

[front pay] + $111,041.75 [attorneys' fees] + $25,000 [est. emotional distress] + $10,000 [penalties]). This figure does not include Plaintiff's prayer for potential punitive damages.

27. Accordingly, UNIFYED, LLC has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

28. Plaintiff filed her Complaint on October 13, 2021. Counsel for Defendant UNIFYED, LLC signed a Notice and Acknowledgment of Receipt of the Summons and Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, First Amended General Order and Notice of Case Management Conference on January 14, 2022. (Devling Decl., ¶3.)

29. Accordingly, this Notice of Removal is timely filed within 30 days after the date of service on UNIFYED, LLC of a summons and copy of the operative pleading setting forth the claims for relief upon which this action is based. (See 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (thirty-day time period under removal statute begins to run from the date of formal service).)

30. Defendant CAMPUSEAI, INC. was served with the Summons and Complaint on October 28, 2021. (Jain Decl., ¶8.) Pursuant to 28 U.S. Code section 1446(b)(2)(C), if defendants are served at different times, and a later-served

---

[1] Defendant fully denies engaging in any unlawful conduct. The arguments related to Plaintiff's potential recovery of damages and fees are submitted for the sole purpose of meeting Defendant's burden to establish the amount in controversy. Any information, arguments, or citations provided are not intended to be used as evidence in this proceeding except in support of this Notice of Removal. Defendant does not waive, and hereby preserves, any and all substantive and procedural defenses that may exist regarding an instruction on, or an award of, any damages or fees.

defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. CAMPUSEAI, Inc. consents to removal of this case to federal court. (Jain Decl., ¶11.)[2]

31. The Superior Court of California, County of Los Angeles, is located within the territorial jurisdiction of the United States District Court for the Central District of California. (See 28 U.S.C. § 84.) Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." (28 U.S.C. § 1441(a).)

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California, County of Los Angeles.

33. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

34. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over a person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

**IV. CONCLUSION**

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California, County of Los Angeles, to this Court, pursuant to 28 U.S.C. §§

---

[2] Plaintiff alleges CAMPUSEAI, INC. has forfeited its status with the California Franchise Tax Board. (Exhibit A, Complaint, ¶¶4, 23.) CAMPUSEAI, INC. has reinstated its status with the Franchise Tax Board. (Jain Decl. at ¶9.)



1332, 1367, 1441, and 1446.

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial of pursuant to Federal Rule of Civil Procedure Rule 38.

DATED: January 14, 2022

RACHEL J. LEE
MADONNA L. DEVLING
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/Madonna L. Devling*
MADONNA L. DEVLING
Attorneys for Defendants, UNIFYED, LLC and CAMPUSEAI, INC.

# FEDERAL COURT PROOF OF SERVICE
Melissa Robertson v. Unifyed, LLC, et al.
Case No. 21STCV37867

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 14, 2022, I served the following document(s): DEFENDANT UNIFYED, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(A) (DIVERSITY JURISDICTION)

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Matthew B. Perez, Esq.<br>Devon M. Lyon, Esq.<br>Lyon Legal, P.C.<br>2698 Junipero Ave., Suite 201A<br>Signal Hill, CA 90755<br><br>m.perez@lyon-legal.com<br>d.lyon@lyon-legal.com | Attorneys for Plaintiff, MELISSA ROBERTSON<br><br>T: (562) 216-7382<br>F: (562) 216-7385 |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 14, 2022, at Costa Mesa, California.

*Danielle Morgan*
Danielle Morgan

4867-7137-5880.1

1
DEFENDANT UNIFYED, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION