# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 10/13/2021 04:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV37867

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNIFYED, LLC, an Illinois limited liability company; CAMPUSEAI,
INC., and Ohio Corporation; and DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MELISSA ROBERTSON, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 North Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV37867 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew B. Perez, Lyon Legal, P.C., 2698 Junipero Ave., Ste., 201A, Signal Hill, CA 90755, (562) 216-7382

| | | |
|---|---|---|
| DATE: 10/13/2021<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* R. Perez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Campus Seai, Inc, an Ohio Corporation

  under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
  ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
  ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
  ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

21STCV37867

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Daniel Murphy

Electronically FILED by Superior Court of California, County of Los Angeles on 10/13/2021 04:56 PM Sherri R Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

LYON LEGAL, P.C.
DEVON M. LYON, ESQ. (State Bar No. 218293)
   Email: d.lyon@lyon-legal.com
MATTHEW B. PEREZ, ESQ. (State Bar No. 326350)
   Email: m.perez@lyon-legal.com
2698 Junipero Ave., Suite 201A
Signal Hill, CA 90755
(562) 216-7382 Telephone
(562) 216-7385 Facsimile

Attorneys for Plaintiff,
**MELISSA ROBERTSON**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MELISSA ROBERTSON, an individual,<br><br>                Plaintiff,<br><br>        vs.<br><br>UNIFYED, LLC, an Illinois limited liability company; CAMPUSEAI, INC., an Ohio Corporation; and DOES 1-10 inclusive,<br><br>                Defendants. | Case No.:  21STCV37867<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION LABOR CODE § 1102.5; AND**<br>2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**(Jury Trial Demanded)** |

///
///
///
///
///
///
///
///
///

# I.

## INTRODUCTION

Plaintiff MELISSA ROBERTSON ("Ms. Robertson") was the Regional Vice President at Unifyed until she was wrongfully terminated under the pretext of "lack of production."

Immediately prior to her termination, Ms. Robertson had expressed her concerns about Unifyed misleading its customers about its products.  The loss of her job was financially and emotionally devasted Ms. Robertson.

# II.

## PARTIES AND JURISDICTION

1.     Plaintiff, Melissa Robertson (hereinafter "Plaintiff" or "Ms. Robertson"), at all relevant times herein resided in the County of Los Angeles, California and was employed by Defendants in the state of California until she was wrongfully terminated on May 28, 2021.

2.     Plaintiff is informed and believes, and thereon alleges that the acts pleaded herein were committed against her in Los Angeles which is where Plaintiff provided her employment services for Defendants.

3.     Plaintiff is informed and believes, and thereon alleges that Unifyed, LLC (hereinafter "Unifyed"), is an Illinois limited liability company not authorized to do business in the State of California.

4.     Plaintiff is informed and believes, and thereon alleges that Campuseai, Inc. ("Campuseai"), is an Ohio corporation not authorized to do business in the State of California and has forfeited its status with the California Franchise Tax Board. This Defendant's agent for service of process is identified as Steven Pickett located at 5716 Corsa Ave., Suite 110, Westlake Village, California 91362.

5.     The true name and capacities of DOES 1-10, inclusive, whether individual., corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues Defendants by such fictitious names. At all relevant times herein, the fictitiously-named Defendants were employees, agents, servants, partners, members, shareholders, officers, directors, managing agents, joint

ventures, co-conspirators, or alter egos of these Defendants, and were acting within the course scope of such agency or employment.

6.     Each of the fictitiously named Defendants are responsible for the wrongful acts alleged herein, and that Plaintiff damages, as alleged herein, were proximately caused by such Defendants. Plaintiff will amend this Complaint to show the true names and capacities of said Defendants when they have been ascertained.

7.     As used herein, the term "Defendant" means all Defendants, both jointly and severally, and references by name to any named Defendant shall include all Defendants, both jointly and severally. Plaintiff is further informed and believes and thereon alleges that Defendant was acting within the purpose and scope of their agency and employment and with the knowledge and consent of each other.

## III.

### FACTUAL SUMMARY OF CLAIMS

8.     Plaintiff was hired by Unifyed on June 17, 2019 as the Regional Vice President earning $130,000 per year plus commissions.

9.     Plaintiff believes and thereon asserts that Unifyed and CAMPUSEAI were her joint employers.

10.     In April of 2020, Ms. Robertson was assigned to handle Unifyed's "Customer Success" program, tasked with handling customer service issues after their respective purchase of Unifyed products.  While working the Customer Success program, Ms. Robertson learned from current Unifyed customers that Unifyed used unfair and deceptive practices in connection with the sale of its products. Specifically, Ms. Robertson learned that customers were told that the Unifyed products they were purchasing were implemented and live in over 200 schools in the United States market; that statement was false.

11.     Unifyed employees were trained to advise prospective clients that they were purchasing a mature product but later learned that the product was in its infancy stages and Unifyed was not able to deliver the product within the timelines promised by Unifyed.  It became very clear to Ms. Robertson that Unifyed customers did not receive the product they were sold.

12.     In early 2020, Ms. Robertson began expressing concerns to the Unifyed North American President, Lynn Dorton, that Unifyed customers were misled about the products.  Ms. Dorton responded that she would try and find out more information from executive leadership.

13.     Ms. Dorton repeatedly reached out to management regarding Ms. Robertson's concerns but never received a response.

14.     In or around January of 2021, Ms. Robertson spoke to Sam Burgio who took over for Ms. Dorton, requesting clarification concerning the products because Ms. Robertson was continuing to receive complaints from Unifyed customers about the product not being consistent with what was represented.

15.     In April and May of 2020, Ms. Robertson complained to CEO, Ranjan Tayal, that Unifyed was not being transparent with potential clients about the products and requested guidance on how to respond to disgruntled customers.

16.     Mr. Tayal never responded.

17.     In or around April and May of 2020, Ms. Robertson pleaded with Unifyed Founder, Prashant Chopra aka Jay Khan, to provide guidance on how to respond to disgruntled customers because the representations made during the sale of the products were not accurate.

18.     Again, Mr. Khan never provided Ms. Robertson with any guidance.

19.     On May 14, 2021, Ms. Robertson was issued a Performance Improvement Plan to close $300,000 in business in two weeks – an impossible endeavor especially since Ms. Robertson refused to engage in unfair and deceptive sales practices to sell Unifyed's products.

20.     Since Ms. Robertson refused to engage in illegal activity (i.e. misleading and deceptive advertising), Unifyed offered Ms. Robertson a small severance in exchange for the execution of a Release and Severance Agreement and terminated her employment.

21.     Ms. Robertson was terminated under the pretext for "lack of production" on May 28, 2021.

22.     Defendant Unifyed is not currently registered as an entity authorized to do business in the State of California, which bars it from exercising rights within California.

23.     Defendant Campuseai is currently FTB Forfeited.

**FIRST CAUSE OF ACTION**

**Whistleblower Retaliation in Violation of California Labor Code section 1102.5**

**(Against All Defendants)**

24.     Plaintiff repeats and incorporates by reference all allegations in the previous paragraphs and further alleges the following:

25.     At all times mentioned herein, California Labor Code Section 1102.5 was in effect and binding on Defendants. California Labor Code Section 1102.5 provides that an employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency or to another employee who has authority to investigate, discover, or correct the violation of noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of noncompliance with a state of federal rule or regulation.

26.     California Labor Code Section 1102.5 further provides that an employer may not retaliate against an employee for disclosing information or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of noncompliance with a state or federal rule or regulation.

**SECOND CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**(Against All Defendants)**

27.     Plaintiff repeats and incorporates by reference all allegations in the previous paragraphs and further alleges the following:

28.     At all times relevant to this action, the California Labor Code was in full force and effect and was binding on Defendants.

29.     Plaintiff believes and thereon alleges that his whistle blowing was a factor in Defendants' conduct as alleged above.

30.    Defendants' acts constituted violations of the California Labor Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by retaliated against Plaintiff and terminating his employment.

31.    As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has suffered and continues to suffer and is therefore entitled to recover:

A.    Substantial loss of earnings, employment benefits and reduced future earning capacity in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to applicable law;

B.    Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof;

C.    Embarrassment, humiliation, emotional distress, and mental anguish, all to her general damage in such amount that may be proven at the time of trial. Said amount is within the jurisdiction of the Superior Court of the State of California;

D.    Punitive damages; and

E.    Other incidental and consequential damages in an amount according to proof at the time of trial.

## IV.

## PRAYER FOR RELIEF

A.    Accrued interest at the maximum legal rate of interest pursuant to Labor Code section 218.5 and Civil Code section 3289;

B.    Reasonable attorney's fees and costs pursuant to Labor Code sections 218.6 and 2699(g) and Code of Civil Procedure section 1021.5;

C.    For Penalties pursuant to Labor Code section 1102.5(f) against the corporate defendants;

D.    For General Damages including emotional distress;

E.    For Special Damages including, lost wages and out of pocket expenses;

F.      All other remedies this Court deems just and proper.

**V.**

**DEMAND JURY TRIAL**

Plaintiff demands trial by jury for all claims so triable.

LYON LEGAL, P.C.

/s/Matthew B. Perez

Dated: October 13, 2021          DEVON M. LYON, ESQ.
                                 MATTHEW B. PEREZ, ESQ.

Attorneys for Plaintiff,
**MELISSA ROBERTSON**