# EXHIBIT C

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
MADONNA L. DEVLING, SB# 163419
  E-Mail: Madonna.Devling@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
RACHEL J. LEE, SB# 225263
  E-Mail: Rachel.Lee@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, UNIFYED, LLC and CAMPUSEAI, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MELISSA ROBERTSON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNIFYED, LLC, an Illinois limited liability company; CAMPUSEAI, INC., an Ohio Corporation; and DOES 1-10 inclusive,<br><br>    Defendants. | Case No. 21STCV37867<br><br>**DEFENDANTS UNIFYED, LLC AND CAMPUSEAI, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Assigned for All Purposes to:<br>Hon. Daniel S. Murphy, Dept. 32<br><br>Action Filed:    10/13/2021<br>Trial Date:    None Set |

Defendants UNIFYED, LLC and CAMPUSEAI, INC. ("Defendants") answer Plaintiff MELISSA ROBERTSON's ("Plaintiff") Complaint herein, as follows:

### GENERAL DENIAL

1. Under the provisions of section 431.30 of the California Code of Civil Procedure, Defendants deny each, every, and all of the allegations of the Complaint, and the whole thereof, and denies that Plaintiff has sustained damages in the sums alleged, or in any other sum, or at all.

2. Further answering Plaintiff's Complaint, and the whole thereof, Defendants deny

that Plaintiff has sustained any injury, damage, or loss, if any, by reason of any act, omission or negligence on the part of Defendants or their agents or employees.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

3. The Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

4. Plaintiff has failed to mitigate her damages, if any.

### THIRD AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

5. Plaintiff's Complaint is barred in whole or in part by the doctrine of avoidable consequences.

### FOURTH AFFIRMATIVE DEFENSE

**(Procedural Due Process)**

6. Plaintiff's claim for punitive damages is unconstitutional pursuant to the due process clauses of the United States and California Constitutions.

### FIFTH AFFIRMATIVE DEFENSE

**(No Punitive Damages)**

7. The Complaint and each purported cause of action alleged therein against Defendants fail to allege facts sufficient to allow recovery of punitive or exemplary damages.

### SIXTH AFFIRMATIVE DEFENSE

**(Barred By Statutes of Limitations)**

8. Plaintiff's claims are barred in whole or in part to the extent the events complained of took place more than (1) year prior to the filing of Plaintiff's Complaint in this action pursuant to California *Code of Civil Procedure* Section 340 and/or more than one (1) year, two (2) years, three (3) years, or four (4) years prior to the filing of the Complaint pursuant to California *Code of*

*Civil Procedure* Sections 335.1, 337, 338, 339, 340, 342, 343; California *Government Code* sections 12960(d) and 12965(b).

### SEVENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

9. Plaintiff's claims are barred in whole or part, because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, without malice, in the exercise of business judgment for legitimate, non-discriminatory and non-retaliatory reasons.

### EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

10. Plaintiff's Complaint is barred by the doctrine of after acquired evidence.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

11. Plaintiff has failed to exhaust administrative remedies, including those required by state statute, and/or internal grievances processes and is therefore barred from maintaining any or all causes of action.

### TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12. Plaintiff's Complaint is barred, in its entirety, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### TWELTH AFFIRMATIVE DEFENSE

### (Estoppel)

14. Plaintiff is estopped by her own conduct from asserting any and all claims she may have had against Defendants arising from the transactions and occurrences set forth in Plaintiff's Complaint.

/ / /

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

15. Plaintiff's Complaint is barred by the equitable doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

16. Defendants allege that Plaintiff, at all relevant times, gave her consent, express or implied, to the alleged acts, omissions and conduct of Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(At-will Employment)**

17. Plaintiff was an at-will employee.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Maintenance of Anti-Discrimination, Anti-Retaliation, and Anti-Harassment Policies)**

18. Defendants allege that they maintained and enforced a strict anti-retaliation policy during the time in which Plaintiff alleges retaliation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

19. Any act or omission to act by Defendants was not the proximate cause of any injury or damages suffered by Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Third Party Liability)**

20. Should it be found that Defendants are liable in any matter for any damages stated by Plaintiff, which Defendants deny, Defendants allege that such damages were proximately caused and/or contributed to by parties other than Defendants, whether served or not served in this case, and/or by other persons or entities not presently parties to this action. It is necessary that the proportionate degree of negligence, fault, and/or legal responsibility of each and every person or entity be determined and prorated and that any judgment that may be rendered against Defendants be reduced not only by the degree of negligence, fault or other legal responsibility attributable to Plaintiff, but by the total of that degree of negligence, fault and/or other legal responsibility found

to exist as to other person(s) and/or entities as well.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Malice, Fraud, Oppression)

21. Defendants are informed and believe and thereon allege that their actions were not willful, malicious, fraudulent, oppressive, intentional, or tortious and Plaintiff's claims are not authorized pursuant to Civil Code Section 3294.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

22. Plaintiff's Complaint against Defendants lacks foundation and is unreasonable; thus Defendants are entitled to recover attorneys' fees and costs expended in defending this action pursuant to the applicable law including Government Code Section 12965(b) and Code of Civil Procedure Section 128.7.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Managerial Immunity)

23. Any and all conduct of which Plaintiff complains and which is attributed to Defendants or their agents or employees was a just and proper exercise of management's discretion on the part of Defendants, their agents, or employees, and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at all times mentioned in the Complaint and Defendant is, therefore, immune from any liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff Did Not Sustain Any Damages)

24. Plaintiff's claim for pre-judgment interest is barred because Plaintiff sustained no damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

25. Plaintiff's Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

///



**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Severe or Serious Emotional Distress)**

26. To the extent Plaintiff alleges Defendants are responsible for intentional infliction of emotional distress and/or other intentional conduct, which allegations are denied, Plaintiff did not suffer from severe or serious emotional distress by any action and/or inaction by Defendants and/or Defendants' conduct was not a substantial factor in causing Plaintiff to suffer from severe or serious emotional distress.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Business Justification)**

27. Defendants' activities undertaken with respect to Plaintiff, if any, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious, nor unlawful.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Mixed-Motive)**

28. At the time of Plaintiff's alleged wrongful termination by Defendants (which Defendants deny), there existed a legitimate reason to terminate Plaintiff which, standing alone, would have induced Defendants to make the same decision to terminate Plaintiff's employment. Therefore, Plaintiff is precluded from recovery of reinstatement, back pay or damages because of the mixed motive doctrine. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 231.)

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation)**

29. Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in the respect is and was governed by the California Workers' Compensation Act, California Labor Code sections 3200-4627.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Pretext)**

30. Defendants allege that Plaintiff cannot establish that Defendants' articulated reason

for Plaintiff's separation from employment was a pretext for unlawful discrimination, harassment, retaliation, and/or violation of public policy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Wrongful Termination)

31. Defendants are informed and believes and thereon alleges that Plaintiff's purported causes of action for retaliation and wrongful termination fail as Plaintiff cannot establish a prima facie case of wrongful termination.

### THIRTIETH AFFIRMATIVE DEFENSE

### (No Adverse Employment Action)

32. Plaintiff's causes of action are barred in that Plaintiff suffered no adverse employment action during Plaintiff's employment.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unknown Defenses)

33. Defendants hereby gives notice that they intends to rely upon such other and further affirmative defenses as may become available during discovery in this action, and reserve the right to amend their Answer to assert any such defenses as discovery continues.

**WHEREFORE**, Defendants UNIFYED, LLC and CAMPUSEAI, INC., respectfully pray for judgment as follows:

1. That Plaintiff is awarded nothing in this action, and the action is dismissed with prejudice;

2. That judgment is entered in favor of Defendants UNIFYED, LLC and CAMPUSEAI, INC.;

3. That Defendants UNIFYED, LLC and CAMPUSEAI, INC. are awarded costs of this suit; and

/ / /

/ / /

/ / /

/ / /



4. That the Court orders such other and further relief as the Court may deem just and proper.

DATED: January 14, 2022   RACHEL J. LEE
MADONNA L. DEVLING
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *Madonna L. Devling*
MADONNA L. DEVLING
Attorneys for Defendants, UNIFYED, LLC and CAMPUSEAI, INC.

4883-2221-9784.1

8

DEFENDANTS UNIFYED, LLC AND CAMPUSEAI, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Melissa Robertson v. Unifyed, LLC, et al.
Case No. 21STCV37867

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626.

On January 14, 2022, I served true copies of the following document(s): DEFENDANTS UNIFYED, LLC AND CAMPUSEAI, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Matthew B. Perez, Esq.<br>Devon M. Lyon, Esq.<br>Lyon Legal, P.C.<br>2698 Junipero Ave., Suite 201A<br>Signal Hill, CA 90755 | Attorneys for Plaintiff, MELISSA ROBERTSON<br><br>T: (562) 216-7382<br>F: (562) 216-7385<br><br>m.perez@lyon-legal.com<br>d.lyon@lyon-legal.com |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address danielle.morgan@lewisbrisbois.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 14, 2022, at Costa Mesa, California.

*Danielle Morgan*
Danielle Morgan

